UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CITIZENS NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-263 |
| | ) | (VARLAN/SHIRLEY) |
| MOUNTAIN RIDGE, LLC, | ) | |
| MICHAEL E. MURRAY, & | ) | |
| GOLDEN FLORIDA MANAGEMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION**

This civil action is before the Court on the Motion for Summary Judgment [Doc. 11], filed by plaintiff, Citizens National Bank. In the motion, plaintiff asserts that it is entitled to summary judgment as a matter of law against defendants Mountain Ridge, LLC, Michael E. Murray, and Golden Florida Management, Inc., jointly and severally, in the amount of $388,712.56, the deficiency remaining following defendants' default on a promissory note and the subsequent foreclosure sale of the real property securing the note. Plaintiff also seeks pre and post judgment interest, attorneys' fees, expenses, and costs of collection. Defendants have responded in opposition [Doc. 18], and plaintiff has filed a reply [Doc. 22] to that response. The matter is ripe for determination. For the reasons set forth herein, plaintiff's motion for summary judgment will be granted.

**I.    Background**

Plaintiff alleges that it is the holder of a promissory note (the "Note"), dated and executed July 20, 2006 by defendant Michael E. Murray ("defendant Murray") on behalf of defendant Mountain Ridge, LLC ("defendant Mountain Ridge") for the principal amount of $2,000,000.00 [Doc. 1-1; Doc. 12, ¶ 4; Doc. 18-2, ¶¶ 3, 4].[1]  Plaintiff also alleges that it is the holder of two continuing guaranties securing the Note [Doc. 12, ¶¶ 5, 6], one executed by defendant Murray (the "Murray Guaranty") [Doc. 1-2], and one executed by defendant Golden Florida Management, Inc. ("defendant Golden") (the "Golden Guaranty") [Doc. 1-3], both dated July 20, 2006 and both guaranteeing payment of the Note in full.  The Note was secured by a construction mortgage deed of trust (the "Deed of Trust"), executed by defendant Mountain Ridge and encumbering real property located in Sevier County, Tennessee (the "Property") [Doc. 12, ¶ 7; Doc. 23-3; Doc. 18-1, ¶ 5].  Defendants assert that the funds from this loan were intended to purchase and develop certain property for single family residences [Doc. 18-1, ¶ 6].

Pursuant to the terms of the Note and the guaranties, in the event of a default, defendants are liable, jointly and severally, for any remaining deficiency balance [Doc. 12, ¶ 17; Doc. 1-1; Doc. 1-2; Doc. 1-3].  Further, and pursuant to the terms of the Note and the guaranties, all defendants agreed to pay attorneys' fees and costs of collection [Doc. 12, ¶¶ 14-16].

---

[1] Defendant Murray is the manager of defendant Mountain Ridge and the president of defendant Golden [Doc. 18-1, ¶ 2].

Plaintiff alleges that defendant Mountain Ridge defaulted on the Note by failing to make the required monthly payments [Doc. 12, ¶ 8]. Plaintiff also alleges that defendant Murray and defendant Golden breached their payment obligations under the guaranties [*Id.*, ¶¶ 9, 10]. As a result of the default and the breached monthly payment obligations, plaintiff alleges that it exercised its option as holder of the Note, declared it immediately due and payable, and pursued foreclosure of the Deed of Trust [*Id.*, ¶ 11]. Plaintiff alleges that the Property securing the Note was advertised for public foreclosure sale on June 5, 2009, at which time plaintiff bought the Property for $2,500,000.00, leaving a deficiency totaling $388,712.56 [*Id.* ¶ 13].

## II.     Standard of Review

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007). In addition, summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party may support the motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at

trial. *Celotex*, 477 U.S. at 324-25. The nonmoving party may not rest upon the pleadings but must go beyond the pleadings and "by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex*, 477 U.S. at 323. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Anderson*, 477 U.S. at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

## III. Analysis

Plaintiff asserts that there are no genuine issues of disputed material fact and it is entitled to summary judgment as a matter of law against defendants, jointly and severally, in the amount of $388,712.56, the deficiency as of the date of the June 5, 2009 foreclosure sale, plus pre and post judgment interest, attorneys' fees, and costs of collection.

Defendants do not dispute that defendant Murray executed the Note in the amount of $2,000,000.00 on behalf of defendant Mountain Ridge and that the Note was secured by a

4

Deed of Trust encumbering the Property.[2]  Defendants also do not dispute that defendant Mountain Ridge defaulted on its monthly payment obligations under the Note, and that defendant Murray and defendant Golden defaulted on the payment obligations under the guaranties.

Defendants argue, however, that summary judgment is improper because, in connection with the underlying loan, plaintiff misappropriated escrow funds and failed to provide defendants with proper accountings, engaged in a improper sale of property prior to the foreclosure sale, provided third parties with confidential information about defendant Murray, improperly interfered with defendants' efforts to sell a house, and improperly directed funds owed to defendants to a third party [*see* Doc. 18, pp. 3-6].  As a result of these actions, defendants assert that the cause of defendants' non-payment of the monthly obligations were directly related to plaintiff's own actions [*see id.*, p. 9].  Defendants also argue that plaintiff is not entitled to summary judgment because plaintiffs did not provide notice to defendants of the foreclosure sale and because the foreclosure sale was improperly advertised [*see id.*, p. 6].

### A.     Tennessee Law on Deficiency Judgments Following Foreclosure

In Tennessee, the holder of a note has the right to pursue foreclosure of the corresponding security instrument.  *See Frame v. Tabler*, 52 S.W. 1014 (Tenn. App. 1898);

---

[2] Defendants allege that the Note was executed by defendant Murray on behalf of both defendant Mountain Ridge and defendant Golden [Doc. 18, p. 2; Doc. 18-1, ¶¶ 3-4].  The terms of the Note, however, indicate that the Note was executed by defendant Murray on behalf of defendant Mountain Ridge only [Doc. 1-1].

*Perrin v. Trimble*, 48 S.W. 126 (Tenn. App. 1898). Generally, when real property has been foreclosed upon and the foreclosure does not satisfy the amount of the financial obligation for which the property was security, the foreclosing party is entitled to a deficiency judgment against the party liable on the underlying obligation. *See* Restatement (Third) of Property (Mortgages) § 8.4 (1997); *see also Lost Mountain Dev. Co. v. King,* No. M2004-02663-COA-R3-CV, 2006 WL 3740791, at *8 (Tenn. Ct. App. Dec. 19, 2006). "Foreclosure proceedings extinguish the mortgage debt when the proceeds of the foreclosure sale equal or exceed the debt and related costs. Accordingly, a mortgagee who bids in the full amount of the debt at the foreclosure sale accepts the property itself in full payment of the underlying debt, while a mortgagee who bids in less than the full amount of the debt retains its status as a creditor with regard to the deficiency." *First Inv. Co. v. Allstate Ins. Co.,* 917 S.W.2d 229, 231 (Tenn. Ct. App.1994).

Under certain circumstances, however, the party to be held liable may properly avoid or reduce the amount of the deficiency judgment to be awarded by challenging the foreclosure sale. *Duke v. Daniels,* 660 S.W.2d 793, 795 (Tenn. Ct. App.1983). In a suit for a deficiency judgment, Tennessee courts apply the following rules:

> (1) the value of the property sold is not looked to in a deficiency case unless there is a charge of fraud in the manner of sale or a charge that the sales price was grossly inadequate; (2) in the absence of an allegation of irregularity in the sale, there is a presumption that the price brought at the public sale is the fair market price of the property; and (3) where gross inadequacy is claimed, the burden of overcoming the presumption attached to a sale free of irregularity is on the defendant against whom a deficiency judgment is sought.

*Lost Mountain Dev. Co.*, 2006 WL 3740791, at *5 (citing *Duke,* 660 S.W.2d at 795); *see also id.* at *11 (affirming the continued validity of the *Duke* principles for analysis of deficiency judgment cases).

It is the value of the property at the time of the foreclosure sale, not its value prior or subsequent to the sale, that is relevant. *Lost Mountain Dev. Co.*, 2006 WL 3740791, at *6 (quoting *Brown v. Eckhardt,* 23 Tenn. App. 217, 129 S.W.2d 1122, 1128 (1939)). Absent "'some evidence of irregularity, misconduct, fraud or unfairness on the part of the trustee or mortgagee [,]'" Tennessee law accords conclusive effect to the price produced through the foreclosure sale, "[e]ven where the sale price is shockingly disproportionate to the actual value of the property[.]" *Orlando Residence, Ltd. v. Nashville Lodging Co.,* 104 S.W.3d 848, 855 (Tenn. Ct. App. 2002) (quoting and citing (*Holt v. Citizens Cent. Bank,* 688 S.W.2d 414, 416 (Tenn. 1984) and citing *Duke,* 660 S.W.2d 793)).

### B. Unfair and Deceptive Practices and Violations of Agency Law

Defendants have not disputed plaintiff's assertions that defendants executed the Note and entered into the underlying obligation. Defendants have also not disputed plaintiff's assertion that defendants failed to make the payment obligations due under the Note and the guaranties. Further, the Note, the guaranties, and the Deed of Trust all contain defendant Murray's notarized signature. Defendants argue instead that plaintiff engaged in unfair and deceptive practices in connection with the Note and the Deed of Trust, including misappropriation of and improperly directing funds, an improper sale, and interfering with a sale. These assertions, however, do not create disputed issues of fact as to whether

7

defendants executed the Note and entered into the underlying obligation. These assertions also do not create disputed issues of fact regarding defendants' obligation to pay the underlying Note or whether defendants defaulted on the monthly payment obligations required under the terms of the Note. Defendants also assert, by affidavit of defendant Murray, that the underlying loan was modified by the parties [Doc. 18-1, ¶ 7]. Defendants, however, did not provide the Court with any documentation or other evidence of this modification. Accordingly, the Court finds that defendants' assertions do not create genuine issues of material fact in regard to plaintiff's assertions and supporting exhibits showing that defendants' are jointly and severally liable for a deficiency judgment under the terms of the Note and the guaranties.

Defendants' argument that summary judgment is improper because plaintiff shared defendant Murray's confidential information in violation of unspecified Tennessee statutes and agency law is also unavailing. Defendants have not alleged specific facts in relation to this assertion, have not brought any counterclaims asserting as such, and have not alleged facts supporting any specific violation of law behind bare assertions that plaintiff's conduct was improper. Similarly, these assertions do not create genuine issues of material fact in regard to plaintiff's specific request for summary judgment on the deficiency judgment.

### C. Improper Advertisements and Improper Notice

Defendants have also alleged, by affidavit of defendant Murray, that "[t]he foreclosure sale of the subject property was improperly advertised" [Doc. 18-1, ¶ 10], and that the foreclosure sale was never completed [*Id.*] Defendants, however, have not asserted specific

facts as to how or why the advertisements were improper or why the sale was never completed. Plaintiff has submitted an affidavit by Jim Porter, executive vice-president of plaintiff, stating that the sale of the Property was "sold at a duly advertised public foreclosure sale on June 5, 2009." [Doc. 12, ¶ 11]. Plaintiff has also submitted the notarized Substitute Trustee's Deed, which provides that Thomas H. Dickenson ("Mr. Dickenson"), the substitute trustee appointed pursuant to the Deed of Trust, "advertised [the Property] as required by law, and by the terms of the Deed of Trust by giving at least twenty (20) days notice by three (3) successive publications, namely: May 14, 22, 29, 2008, in *The Mountain Press & Good News in the Smokies*, a newspaper published in Sevier County, said sale to be for cash and in bar of all rights waived by the Deed of Trust, if any." [*Id.*, p. 14]. The Substitute Trustee's Deed also provides that "[p]ursuant to said advertisement, on June 5, 2009, at 10:50 a.m. at the front door of the Sevier County Courthouse" the Property was offered for sale and sold to plaintiff for $2,500,000.00, the highest bid [*Id.*, pp. 14-15].

Tenn. Code Ann. § 35-5-101, the statute pertaining to the advertisement of foreclosure sales, provides that:

> (a) In any sale of land to foreclose a deed of trust . . . advertisement of the sale shall be made at least three (3) different times in some newspaper published in the county where the sale is to be made.
>
> (b) The first publication shall be at least twenty (20) days previous to the sale.

T.C.A. § 35-5-101(a), (b). Upon the Court's review of § 35-5-101(a) and (b), the undisputed facts, and of the documents submitted by plaintiff, defendants' assertions that plaintiff's

9

advertisement of the foreclosure sale was improper and that the sale was not completed does not satisfy defendants' burden as it is described in Rule 56(e)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(e)(2) (stating that an "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or . . . otherwise provided in this rule -- set out specific facts showing a genuine issues for trial."). When presented with specific facts and documentation as to how the advertisements *were* proper and that the sale *did* occur, and considering the lack of evidence of impropriety, the Court cannot conclude that a genuine issue of material fact remains for trial on this issue.

Defendants have also alleged, by affidavit of defendant Murray, that "[d]efendants were never notified of . . . [the foreclosure] sale" [Doc. 18-1, ¶ 10], and "[p]laintiff did not provide notice to defendants of process of service of the foreclosure[]" [*Id.*, ¶ 13]. Plaintiff, on the other hand, asserts that proper notice of the foreclosure sale was given and has submitted an affidavit by Mr. Dickenson, the substitute trustee, stating that notice of the sale was sent to defendants on May 12, 2009, by both first class mail and certified letter, return receipt requested [Doc. 23, ¶ 4; Doc. 23-3]. Plaintiff has also submitted copies of these certified mailings which were returned by the post office marked "unclaimed." [Doc. 23-3, ¶ 4; Doc. 23-4]

Tenn. Code Ann. § 35-5-101(e) provides that:

> (e) In any sale of land to foreclose a deed of trust . . . the trustee or other party that sells the property shall send to the debtor and any co-debtor a copy of the notice required in § 35-5-104.[3]

---

[3] T.C.A. § 35-5-104(a) (giving the contents of advertisements or notices of foreclosure sales).

T.C.A. § 35-5-101(e). Upon review of § 35-5-101(e), the relevant law, the documents submitted by plaintiff, and after considering defendants' assertion that notice was not given, the Court disagrees with defendants that there remains a genuine issues of disputed material fact as to whether notice of the sale was given pursuant to § 35-5-101(e). The statute contains no requirement of actual notice and, because defendants have alleged no other facts regarding why notice was not given or improper, the Court cannot conclude that there exists a genuine issue of material fact as to this issue.

Defendant have pointed to no other evidence indicating irregularity, fraud, or misconduct on the part of plaintiff in conducting the foreclosure sale of the Property. Defendants have also not alleged that the price of the Property at the foreclosure sale was grossly inadequate. Accordingly, and pursuant to the terms of the Note, the related agreements, and the relevant documents, defendants are liable, jointly and severally, for a deficiency judgment in the amount of $388,712.56, plus pre judgment interest in the amount of $222.75 per day from June 5, 2009, the date of the foreclosure sale, and post judgment interest, to be calculated at the rate set by 28 U.S.C. § 1961. *See Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002) (citations omitted) (stating that post judgment interest is mandatory under 28 U.S.C. § 1961). The Note also provides for recovery of attorneys' fees, expenses, and costs of collection. Accordingly, plaintiff may seek this relief following entry of judgment by a motion brought pursuant to Federal Rule of Civil Procedure 54.

## IV. Conclusion

For the reasons given above, plaintiff's motion for summary judgment [Doc. 11] will be **GRANTED** and the Court will **AWARD** plaintiff a judgment against defendants, jointly and severally, in the amount of $388,712.56, plus pre judgment interest in the amount of $222.75 per day from June 5, 2009, attorneys' fees, expenses, costs of collection, and post judgment interest. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE